Having reviewed the competent evidence of record, and having the benefit of the positions of the parties, the Full Commission reverses the Opinion and Award of the deputy commissioner.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the deputy commissioner's hearing as
 STIPULATIONS
1. The employee/employer relationship existed at the time of the alleged injury.
2. American Alternative Insurance Company was the carrier on the risk at the time of the alleged injury.
3. The date of the alleged injury was September 20, 1999.
4. The parties were subject to the North Carolina Workers' Compensation Act at the time of the alleged injury, the employer employing the requisite number of employees to be bound under the provisions of the Act.
5. Plaintiff's average weekly wage at the time of the alleged injury was $370.49.
6. The parties agree they mediated the case on September 21, 2000, and pursuant to Industrial Commission Order, defendants paid the entire mediator's fee of $393.31, thereby advancing the plaintiff's share of $196.65 against any award that plaintiff may receive.
In addition, the parties stipulated into evidence the following:
1. Twenty pages of medical records and reports.
2. Return to work note dated December 6, 1999.
3. Form 19 dated September 28, 1999.
4. Form 18 dated February 9, 2000.
5. Form 33.
6. Transcript of a recorded statement.
The Pre-Trial Agreement dated October 23, 2000 which was submitted by the parties is incorporated by reference.
 ***********
Based upon all of the competent evidence in the record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff, who was thirty-eight years old at the time of the deputy commissioner's hearing and who has an eleventh grade education, began working for defendant-employer on June 29, 1999 as a vinyl siding installer. He worked on a crew as one of the "ground men." His duties included cutting the siding and handing it to the workers on the scaffolding who were attaching it to the building. He also moved the equipment, ladders, tools and materials as necessary during the installation process.
2. Plaintiff has alleged that he sustained an injury at work in September 1999. Plaintiff's position is that he sustained an umbilical hernia while moving a pump jack to another side of a house. A pump jack is a device used as a temporary scaffold to hold the planks on which the siding laborer will stand to install siding on the side of a house or other structure. Plaintiff testified that he was moving a pump jack when he lost his footing, or stumbled, was losing control of the pump jack and was attempting to control the pump jack to keep it from falling to the ground. Plaintiff felt a sharp pain in his stomach and a burning sensation near his belly button. A few days later plaintiff and a co-worker noticed that his navel was sticking out. Plaintiff indicated that subsequent to the injury his naval area would hurt when he did certain activities. Although plaintiff appears to be a poor historian and a man of limited education and communication skills, the greater weight of the evidence is that, when moving the pump jack, plaintiff suddenly and unexpectedly sustained a hernia which previously did not exist. The parties stipulated that the date of injury was September 20, 1999, although this may not be the actual date of injury.
3. On November 9, 1999, plaintiff had surgical repair for the umbilical hernia performed by D. Scott Covington, M.D., at Raleigh Community Hospital. The hernia was successfully repaired.
4. The parties stipulated that plaintiff had an average weekly wage of $370.49, which produces a compensation rate of $246.99.
5. Plaintiff remained off from work for the surgical repair for the hernia from November 9, 1999, through December 21, 1999, for a total of six weeks and 1 day.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident, a hernia, arising out of and in the course of his employment with defendant-employer in September 1999. G.S. §§ 97-2(6), 97-2(18).
2. Plaintiff was totally disabled from work because of the compensable hernia from November 9, 1999, through December 21, 1999, and is entitled to total temporary disability benefits at the rate of $246.99 during this period.
3. Defendant shall provide for all related medical treatment that is or was reasonably necessary to effect a cure, give relief, or lessen the period of plaintiff's disability, subject to the limitation of G.S. §97-25.1.
4. Defendants are entitled to deduct $196.65 from the benefits due plaintiff because this sum was advanced by defendant on behalf of plaintiff to the mediator in the unsuccessful mediation of this claim. Rule 7(c), I.C. Rules for Mediated Settlement and Neutral Evaluation Conferences.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following
 AWARD
1. Plaintiff was totally disabled from work because of the compensable hernia from November 9, 1999, through December 21, 1999, and is entitled to total temporary disability benefits at the rate of $246.99 during this period, less the $196.65 advanced by defendants toward the mediation fee. These benefits have accrued and shall be paid in a lump sum subject to the attorney's fees which are approved in paragraph 3, below.
2. Defendant shall provide for all related medical treatment that is or was reasonably necessary to effect a cure, give relief, or lessen the period of plaintiff's disability, subject to the limitation of G.S. §97-25.1.
3. Daniel F. Read, Attorney at Law, is entitled to receive and the defendants shall pay to him for his attorney's fees 25% of the sums awarded in paragraph 1, above.
4. All costs shall be paid by defendants.
 S/______________ RENE C. RIGGSBEE COMMISSIONER
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
 S/_____________ THOMAS J. BOLCH COMMISSIONER